UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEON C. BLOOM, JR.,

                                    Plaintiff,

                                                                    DECISION AND ORDER

                                                                    11-CV-6237L

                    v.

BRIAN FISCHER in his capacity as Commissioner
of the New York State Department of Correctional
Services (DOCS) and in his individual capacity,
et al.,

                                    Defendants.
_____

         Plaintiff, Leon C. Bloom, appearing *pro se*, commenced this action under 42 U.S.C. § 1983.

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services

("DOCS"), alleges that the defendants, all of whom at all relevant times, were DOCS employees or

officials, have violated his constitutional rights by administratively imposing a period of post-release

supervision ("PRS") on plaintiff to follow his judicially-imposed sentence of imprisonment.

         Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  Plaintiff has not responded to the motion.[1]

                                        **DISCUSSION**

         Plaintiff's failure to oppose the motion to dismiss does not relieve the Court of its obligation

to consider the merits of plaintiff's claims.  "If a complaint is sufficient to state a claim on which

_____

         [1]The New York State Department of Correctional Services internet Inmate Lookup
website, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released from DOCS
custody, to the custody of the New York State Division of Parole, on November 14, 2011.

relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Plaintiff's failure to respond to the motion notwithstanding, then, the Court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In undertaking that analysis, the Court employs the now well-known standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), under which "a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff alleges that he was released from prison in October 2006, having at that point "served 6/7ths of his nine years sentence." Complaint ¶ 10. He further alleges that his maximum determinate sentence expired in October 2007, but that in January 2008, DOCS re-imprisoned him for violating the conditions of his PRS.

Plaintiff sought relief in state court by means of a petition for a writ of habeas corpus. In April 2008, a state court judge granted plaintiff's application, ordered that the PRS imposed on plaintiff by DOCS be vacated, and that plaintiff be released from custody. Plaintiff was released on April 3, 2008, and DOCS vacated the remaining portion of his five-year term of PRS.

In June 2010, plaintiff was convicted at trial of grand larceny in the fourth degree. He alleges that his indeterminate sentence of two to four years was based in part on his alleged 2008 PRS violation, and that he was denied early release because of the PRS violation. Plaintiff alleges that DOCS has since removed the information concerning the PRS violation from his file, although his sentence on the grand larceny charge remains in place, and at the time that he filed the complaint in this action in May 2011, plaintiff was still incarcerated pursuant to that larceny sentence.

Based on these allegations, plaintiff asserts three causes of action. The first alleges that by imposing a term of PRS, defendants violated plaintiff's constitutional rights. In support of that

claim, plaintiff cites *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), *cert. denied*, 551 U.S. 1159 (2007), in which the Second Circuit held that a term of PRS was not enforceable unless it had been pronounced by the sentencing judge on the record.

In his second cause of action, plaintiff alleges that his "unlawful re-imprisonment ... past the maximum expiration date of his determinate sentence" violated his constitutional rights. Plaintiff's third cause of action asserts that defendants violated his rights "[b]y failing to remove alleged PRS violations from [his] record" after the state court granted plaintiff's habeas corpus application in April 2008.

Plaintiff's first two causes of action must be dismissed as time-barred. "[C]ourts in this circuit have uniformly held that pursuant to *Heck v. Humphrey*[, 512 U.S. 477 (1994),] the claims of plaintiffs [arising out of the administrative imposition of PRS] do not accrue until the underlying sentence is invalidated, or, in this case, until [plaintiff's] petition for writ of habeas corpus was granted." *Albergottie v. New York City*, No. 08 Civ. 8331, 2011 WL 519296, at *4 (S.D.N.Y. Feb. 15, 2011) (citing cases). *See Heck*, 512 U.S. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Since plaintiff's habeas petition was granted in April 2008, his complaint, which was filed in this Court in May 2011, is untimely under the three-year statute of limitations applicable to § 1983 claims. *See Palmer v. Stuart*, 274 F. Appx. 58, 58 (2d Cir. 2008); *McKithen v. Brown*, 481 F.3d 89, 100 n.12 (2d Cir. 2007), *cert. denied*, 552 U.S. 1179 (2008).

In addition, to the extent that plaintiff's claims are brought against defendants in their individual capacities, defendants are entitled to qualified immunity. In a similar case, this Court has held that "[a]lthough the unconstitutionality and/or unlawfulness of defendants' practice of administratively mandating PRS may be clear today, it was manifestly not so prior to April 2008," when the New York Court of Appeals held in *Garner v. New York State DOCS*, 10 N.Y.3d 358 (2008), and in *People v. Sparber*, 10 N.Y.3d 457 (2008), that state law barred DOCS from adding a term of PRS onto a defendant's sentence in the absence of a pronouncement for such by the

sentencing judge.  "It is these decisions–and not *Earley*–which courts in the Second Circuit have consistently understood to have effected the change in the law, and established the temporal boundary of qualified immunity for DOCS officials alleged to have administratively imposed PRS." *Vincent v. Yelich*, ___ F.Supp.2d ___, 2011 WL 3800035, at *4 (W.D.N.Y. Aug. 29, 2011).  Since plaintiff's term of PRS was imposed prior to the issuance of those 2008 decisions by the Court of Appeals, defendants are protected by qualified immunity.

Plaintiff's third cause of action, which arises out of denial of his application for early release with respect to the sentence imposed on him in 2010 for his grand larceny conviction, fails to state a cognizable claim.  "New York's parole scheme 'is not one that creates in any prisoner a legitimate expectancy of release,' and thus 'plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable.'"  *Duemmel v. Fischer*, 368 Fed.Appx. 180, 182 (2d Cir. 2010) (quoting *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001)).  *See also Fifield v. Eaton*, No. 07-CV-6521, 2009 WL 3429791, at *2–3 (W.D.N.Y. Oct. 20, 2009) (granting motion to dismiss inmate's claim that he was denied parole opportunities due to his refusal to participate in SOP because inmate had no liberty interest in parole, conditional release, discretionary good time credits, or choosing his programming); *see also Kneitel v. Goord*, No. 9:05-cv-30, 2008 WL 2485061, at *5 (N.D.N.Y. June 18, 2008) ("As per any potential liberty interest created by statute or regulations in the State of New York, the governing statute clearly states that '[p]articipation in a temporary release program shall be a privilege. Nothing contained in this article may be construed to confer upon any inmate the right to participate ... in a temporary release program'") (quoting N.Y. Correct. L. § 855(9)).  *Cf. Friedl v. City of New York*, 210 F.3d 79, 84 (2d Cir. 2000) ("Prisoners *on work release* have a liberty interest in *continued* participation in such programs") (emphases added).

Finally, to the extent that plaintiff sues defendants in their official capacities, his claims are barred by sovereign immunity.  *See Whitfield v. O'Connell*, 09 Civ.1925, 2010 WL 1010060, at *4 (S.D.N.Y. Mar.18, 2010) ("[B]ecause Section 1983 does not abrogate a state's sovereign immunity and the State of New York has not waived its immunity, claims against DOCS for both monetary

and injunctive relief are barred under the Eleventh Amendment") (citations omitted), *aff'd*, 402 Fed.Appx. 563 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 2132 (2011); *Smith v. Paterson*, No. 08 Civ. 3313, 2010 WL 4359225, at *3 (S.D.N.Y. Nov. 3, 2010) ("Neither the fact that individuals and not the state are named as defendants in this action, nor the fact plaintiffs characterize the relief sought as equitable, overcomes the Eleventh Amendment bar") (citing *Edelman v. Jordan*, 415 U.S. 651, 666-668 (1974)).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #6) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 3, 2012.